IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS ANTONIO JONES, | ) | |
| AIS #203884, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-342-WKW |
| | ) | |
| OFFICER JAMES NOLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Marcus Antonio Jones, a state inmate, challenging the constitutionality of actions which occurred during his prior incarceration at the Ventress Correctional Facility.  The sole defendant remaining in this case is James Nolin, a correctional officer assigned as the rover for Jones' dorm at the time relevant to the complaint.[2]  In the complaint, Jones alleges that defendant Nolin acted with deliberate indifference to his safety when Nolin failed to protect him from an assault by inmate Aaron Cart on October 11, 2016. Doc. 1 at 6–7. Jones seeks monetary damages from defendant Nolin in his individual capacity for the alleged constitutional violation.  Doc. 1 at 6, 8.

---

[1]All documents and page numbers cited in this Recommendation are those assigned by the Clerk in the docketing process.

[2]Based on a motion to dismiss filed by the plaintiff, the court dismissed all other defendants from this case. *See* Doc. 25

Defendant Nolin filed a special report and relevant evidentiary materials in support of this report—including affidavits and institutional records—addressing the failure to protect claim presented by Jones. In these filings, the defendant denies that he acted with deliberate indifference to Jones' safety.

The court issued an order directing Jones to file a response to the arguments set forth by the defendant in his special report and advising Jones that his response should be supported by "affidavits, sworn/verified declarations or statements made under penalty of perjury and other appropriate evidentiary materials[.]" Doc. 10 at 2.  This order specifically cautioned the parties that "**unless within fifteen (15) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken** . . . the court may at any time [after expiration of the time for the plaintiff filing a response to the order] and **without further notice to the parties** (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law."  Doc. 10 at 3 (emphasis in original).  Jones filed an unsworn response, supported by prison records and sworn statements, in response to the defendant's special report on February 26, 2018.  Doc. 16 & Docs. 16-1 through 16-12.[3]

---

[3]The court declines to consider Jones' response to the defendant's report, Doc. 16, because this response is not a sworn statement, nor is it signed with an averment that it was made under penalty of perjury.  *See* 28 U.S.C. § 1746; *Holloman v. Jacksonville Housing Auth.*, 2007 WL 245555, *2 (11th Cir. Jan. 20, 2007) (noting that "unsworn statements, even from *pro se* parties, should not be considered in determining the propriety of summary judgment."); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (holding that "the court may not consider [the pro se inmate plaintiff's unsworn statement] in determining the propriety of

Pursuant to the above-described order, the court deems it appropriate to treat the special report and exhibits filed by defendant Nolin as a motion for summary judgment. Upon consideration of the defendant's motion for summary judgment, the evidentiary materials filed in support thereof, the sworn complaint and supporting evidentiary materials attached to the plaintiff's response, the court concludes that summary judgment is due to be granted in favor of the defendant.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (internal quotation marks omitted); Rule 56(a), Fed. R. Civ. P. ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (holding that moving party has initial burden of showing there is no genuine dispute of material fact for trial).

---

summary judgment."). However, the court will consider the sworn statements filed in support of the response in making its summary judgement determination.

The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Celotex*, 477 U.S. at 322–24; *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (holding that moving party discharges his burden by showing the record lacks evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial).

When the defendant meets his evidentiary burden, as he has in this case, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R .Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [by citing to materials in the record including affidavits, relevant documents or other materials], the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]"); *Jeffery*, 64 F.3d at 593–94 (holding that, once a moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or statements made under penalty of perjury], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact).  In civil actions filed by inmates, federal courts "must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can

point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." *Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment.  *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014); *Barker v. Norman*, 651 F.2d 1107, 1115 (5th Cir. Unit A 1981) (stating that a verified complaint serves the same purpose of an affidavit for purposes of summary judgment). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor such that summary judgment is not warranted.  *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007).  The evidence must be admissible at trial, and if the nonmoving party's evidence "is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)\; *see also* Fed. R. Civ. P. 56(e).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice[.]"  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).  Only disputes involving material facts are relevant and materiality is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248.

To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson*, 477 U.S. at 255.  At the summary judgment stage, this court should accept as true "statements in [the plaintiff's] verified complaint, [any] sworn response to the officers' motion for summary judgment, and sworn affidavit attached to that response[.]"  *Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019); *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018) (holding that a plaintiff's purely self-serving and uncorroborated statements "based on personal knowledge or observation" set forth in a verified complaint or affidavit may create an issue of material fact which precludes summary judgment); *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citations omitted) ("To be sure, [Plaintiff's] sworn statements are self-serving, but that alone does not permit [the court] to disregard them at the summary judgment stage. . . .  Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving."). However, general, blatantly contradicted and merely "[c]onclusory, uncorroborated allegations by a plaintiff in [his verified complaint or] an affidavit . . . will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion." *Solliday v. Fed. Officers*, 413 F. App'x 206, 207 (11th Cir. 2011) (citing *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)).  In addition, conclusory

allegations based on purely subjective beliefs of a plaintiff and assertions of which he lacks personal knowledge are likewise insufficient to create a genuine dispute of material fact. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323–24; *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (holding that to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). "[T]here must exist a conflict in substantial evidence to pose a jury question." *Hall v. Sunjoy Indus. Group, Inc.*, 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citation omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Although factual inferences must be viewed in a light most favorable to the plaintiff and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525.  Thus, a plaintiff's *pro se* status alone does not compel this court

to disregard elementary principles of production and proof in a civil case. Here, after a thorough and exhaustive review of all the evidence which would be admissible at trial, the court finds that Jones has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendant.

## III.  DISCUSSION

### A.  Qualified Immunity

The defendant raises the defense of qualified immunity to the claims for monetary damages lodged against him in his individual capacity, Doc. 8 at 2, the only claims presented by the plaintiff. "The defense of qualified immunity completely protects government officials performing discretionary functions from suit [for damages] in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). "The purpose of the qualified immunity defense is to protect[] government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Youmans v. Gagnon*, 626 F.3d 557, 562 (11th Cir. 2010) (internal quotations and citations omitted). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (citations and quotation marks omitted). "Unless a government agent's act is so obviously wrong, in light of the pre-existing law, that only a plainly incompetent officer or one who

was knowingly violating the law would have done such a thing, the government actor is immune from suit." *Lassiter v. Ala. A&M University Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). The Eleventh Circuit has determined that the law is "clearly established" for purposes of qualified immunity "only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Jenkins v. Talladega City Bd. of Education*, 115 F.3d 821, 826–27 n.4 (11th Cir. 1997). The Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). Even so, qualified immunity is only an affirmative defense to a request for damages; it has no impact on requests for declaratory or injunctive relief. *See Wood v. Strickland*, 420 U.S. 308, 315, n.6 (1975) ("Immunity from damages does not ordinarily bar equitable relief as well."), *overruled in part on other grounds by Harlow v. Alexander*, 457 U.S. 800 (1982); *American Fire, Theft & Collision Managers, Inc. v. Gillespie*, 932 F.2d 816, 818 (9th Cir. 1991) (holding that the defense of qualified immunity is limited to actions for monetary damages and does not serve as a defense to actions seeking equitable relief).

"To receive qualified immunity, the government official must first prove that he was acting within his discretionary authority." *Gonzalez*, 325 F.3d at 1234. In this case, it is clear "that the defendant[] [was] acting within [his] discretionary authority" as a correctional officer at the time of the incident so "the burden shifts to [Jones] to show that qualified immunity is not appropriate." *Id.*; *see also Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010). To meet this burden, Jones must prove both that "(1) the

defendant[] violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir.2004); *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004) (same); *Youmans*, 626 F.3d at 562 (citation omitted) ("[O]nce a defendant raises the defense [of qualified immunity and demonstrates he was acting within his discretionary authority], the plaintiff bears the burden of establishing both that the defendant committed a constitutional violation and that the law governing the circumstances was clearly established at the time of the violation."). This court is "free to consider these elements in either sequence and to decide the case on the basis of either element that is not demonstrated." *Id.*; *Rehberg v. Paulk*, 611 F.3d 828, 839 (11th Cir. 2010) (citing *Pearson*, 555 U.S. at 241–42) (holding that the court may analyze the elements attendant to qualified immunity "in whatever order is deemed most appropriate for the case.").

## B. Deliberate Indifference — Standard of Review

"A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994) (internal quotations and citations omitted). Officials responsible for prison inmates may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's safety when the official knows the inmate faces "a substantial risk of serious harm" and with this knowledge disregards the risk by failing to take reasonable measures to abate it. *Id.* at 828. A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware,

exists and the official does not respond reasonably to the risk." *Cottone v. Jean*, 326 F.3d 1352, 1358 (11th Cir. 2003). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 at 834. "Within [a prison's] volatile 'community,' prison administrators are to take all necessary steps to ensure the safety of . . . the prison staff and administrative personnel. . . . They are [also] under an obligation to take reasonable measures to guarantee the safety of the inmates themselves." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). The Eleventh Circuit, however, has consistently "stress[ed] that a prison custodian is not the guarantor of a prisoner's safety." *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313 (11th Cir. 2005) (internal quotation marks and citation omitted). The duty to protect inmates from one another is not absolute "because the Eighth Amendment addresses only punishment. Whether an injury inflicted by fellow prisoners . . . is punishment depends on the mental state of those who cause or fail to prevent it. The requisite mental state for prison officials is intent, or its functional equivalent, described as deliberate indifference[.]" *King v. Fairman*, 997 F.2d 259, 261 (7th Cir. 1993) (internal quotation marks and citations omitted). "Only '[a] prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment.'" *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit has consistently held that "'[i]n order to state a § 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and

unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the [mere] tort to a constitutional stature.'" *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting *Wright v. El Paso County Jail*, 642 F.2d 134, 136 (5th Cir. 1981), *cert. denied*, 464 U.S. 932 (1983); *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (same).

The law requires both objective and subjective elements to be established to demonstrate an Eighth Amendment violation. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014). With respect to the objective elements of a deliberate indifference claim, an inmate must first show "an objectively substantial risk of serious harm . . . exists. Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh*, 268 F.3d at 1028–29. As to the subjective elements, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.' . . . [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 837–38; *Carter*, 352 F.3d at 1349) (citing *Farmer*, *supra*, in noting that to demonstrate deliberate indifference a defendant "must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists — and the prison official must also 'draw that inference.'"). "Proof that the defendant should have perceived the risk, but did not, is insufficient." *Campbell v. Sikes*,

169 F.3d 1353, 1364 (11th Cir. 1999); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same).  The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety. . . .  It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]"  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a "'sufficiently culpable state of mind.""  *Farmer*, 511 U.S. at 834–38, 114 S.Ct. at 1977–80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324–25, 115 L.Ed.2d 271 (1991). . . .  Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists — and the prison official must also "draw that inference."  *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).  A defendant's subjective knowledge of the risk must be specific to that defendant because "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. . . .  Each individual Defendant must be judged separately and on the basis of what that person knew at the time of the incident."  *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008).  A correctional official must be aware of a sufficiently serious threat to an inmate's safety before the Eighth Amendment "imposes a duty to provide reasonable protection.  Merely negligent failure to protect an inmate from attack does not justify liability under section 1983[.] . . .  The known risk of injury must be a strong likelihood, rather than a mere possibility before a [correctional officer's] failure to act can constitute deliberate indifference."  *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotation marks omitted); *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015)

(same); *King*, 997 F.3d at 261 ("To sustain his constitutional claim, the inmate must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm.") (internal quotation marks omitted).   Deliberate indifference requires "a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Finally, the plaintiff must produce sufficient evidence that the defendant's deliberate indifference to a known serious risk of harm caused the plaintiff's constitutional injury.  *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

Consequently, to survive the properly supported motion for summary judgment filed by the defendant, Jones must first demonstrate that an objectively substantial risk of serious harm existed to him prior to the assault by inmate Cart and "that the defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner." *Johnson v. Boyd*, 568 F. App'x 719, 721 (11th Cir. 2014), (citing *Caldwell*, 748 F.3d at 1100).  If he establishes these objective elements, Jones must then satisfy the subjective component. To do so, Jones "must [show] that the defendant subjectively knew that [Jones] faced a substantial risk of serious harm from [his inmate attacker].  The defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Johnson*, 568 F. App'x at 721 (internal citations omitted).

> To survive a motion for summary judgment, a plaintiff must submit evidence that the defendant-official had subjective knowledge of the risk of serious harm.  *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).  In determining subjective knowledge, a court is to inquire whether the defendant-official was aware of a "*particular threat or fear felt by [the]*

> *[p]laintiff*."   *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003)
> (emphasis added).   Moreover, the defendant-official "must be aware of
> specific facts from which an inference could be drawn that a substantial risk
> of serious harm exists — and the prison official must also draw that
> inference."  *Id*. at 1349 (quotations omitted).

*Johnston v. Crosby*, 135 F. App'x 375, 377 (11th Cir. 2005) (emphasis in original).

## C.  Failure to Protect

Jones alleges that defendant Nolin violated his rights protected by the Eighth Amendment when Nolin acted with deliberate indifference to his safety regarding a random assault committed against him by inmate Aaron Cart on October 11, 2016.  In support of this claim, Jones maintains that defendant Nolin was in a relaxed position, "laid back with his feet propped up with his eyes closed," and as a result it appeared that Nolin "was asleep" at the time of the assault.  Doc. 16-5 at 1.  The sworn statements of other inmate witnesses also note defendant Nolin's apparent state of total relaxation at the time of the attack.  Doc. 16-6 at 1 ("I looked at the officer's desk-post, and C.O. Nolin had his legs in the air on the table, asleep."); Doc. 16-7 at 1 ("Officer Nolin appeared to be asleep."); Doc. 16-8 at 1 ("C.O. Nolin had his eyes closed looking like he was asleep.").

Defendant Nolin denies acting with deliberate indifference to Jones' safety. Specifically, the record contains no evidence that an objectively substantial risk of serious harm existed to Jones at the time of the attack. In addition, defendant Nolin had no subjective knowledge that inmate Cart posed any risk of harm to Jones prior to the challenged assault. Doc. 8-3 at 1 ("This incident was an instantaneous action which provided no warning or indication that it was about to occur.").  During the investigation of the incident by prison officials, Jones likewise conceded the purely random and

unforeseen nature of the assault when he said, "I don't know why [Cart] did this. . . . I have never said one word to him." Doc. 8-4 at 1. Moreover, it is clear that defendant Nolin did not draw the inference that Cart posed a serious risk of harm to Jones. With respect to the allegation that he had fallen asleep at the time of the assault on Jones, Nolin maintains that he was, in fact, "talking with an inmate whom had asked [him] a question. Therefore, I was not asleep at the time of the initial incident nor was I asleep at any time." Doc. 8-3 at 2. The court finds that the dispute regarding Nolin's status at the time of the attack is not material in determining whether he acted with deliberate indifference to Jones' safety as it does not impact either the objective or subjective elements of the claim and, at most, sounds only in negligence.

In sum, Jones has failed to present any evidence showing that inmate Cart posed "an objectively substantial serious risk of harm" to him prior to the assault about which he complains, a requisite element for establishment of deliberate indifference. *Marsh*, 268 F.3d at 1028–29. Furthermore, even if Jones had satisfied the objective component, his deliberate indifference to safety claim nevertheless fails as the record is devoid of evidence that the defendant was subjectively aware of any risk of harm to Jones posed by inmate Cart prior to the assault made the basis of this complaint. The law is clear that a correctional officer responsible for an inmate's safety cannot be liable for a risk of which he is unaware. *Farmer*, 511 U.S. at 837 ("[A] prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"). Thus, deliberate indifference has not been shown. *Johnson*, 568 F. App'x at 722 (holding that complaint properly dismissed because "[n]owhere does the complaint allege, nor can it be

plausibly inferred, that the defendants subjectively foresaw or knew of a substantial risk of injury posed by [the inmate-attacker].”); *Chatham v. Adcock*, 334 F. App’x 281, 293–94 (11th Cir. 2009) (holding that where Plaintiff did “not identif[y] any specific ‘serious threat’ from [inmate attacker]” or report any such threat to the defendants, mere “fact that [attacker] was a ‘problem inmate’ with ‘violent tendencies’ simply ‘does not satisfy the subjective awareness requirement.’”); *Murphy v. Turpin*, 159 F. App’x 945, 948 (11th Cir. 2005) (concluding that “the district court did not err by dismissing [Plaintiff’s] failure-to-protect charge for failure to state a claim.  While [Plaintiff] alleged he requested protection from certain inmates and that the defendants knew about his request for protection from his original cellmate . . ., he did not allege that the defendants had notice that he was in danger from . . . the inmate who attacked him.  Simply put, the allegations of [Plaintiff’s] complaint do not show the requisite subjective knowledge of a risk of serious harm, and, thus, do not state a claim for deliberate indifference resulting from a failure to protect from the attack. . . .   Put another way, because [Plaintiff] alleged no facts indicating that any officer was aware of a substantial risk of serious harm to him from [the inmate who actually attacked him] and failed to take protective measures, his claim fails.”); *Johnston*, 135 F. App’x at 377 (holding that defendants were entitled to summary judgment because Plaintiff provided no evidence that prison officials “had subjective knowledge of the risk of serious harm presented by [the inmate who attacked him]” and “introduced no evidence indicating that he notified [the defendants] of any particularized threat by [his attacker] nor of any [specific] fear [he] felt [from this particular inmate].”); *see also McBride v. Rivers*, 170 F. App’x 648, 655 (11th Cir. 2006) (holding that district court properly granted summary

judgment to the defendants as Plaintiff "failed to show that the defendants had subjective knowledge of a risk of serious harm" because Plaintiff merely advised he "had problems" with fellow inmate and was generally "in fear for [his] life.").

As to the claim that defendant was sleeping at the time of the attack, this is not a claim of constitutional stature.

> While sleeping on duty may be evidence of gross negligence on the part of [the] defendant . . ., negligent conduct, even though it causes injury, is insufficient to state a claim of constitutional proportion. *See e.g.*, *Sirmans v. Williams*, 2009 WL 1788186, *2 (N.D. Fla. 2009) ("Plaintiff now makes only a conclusory allegation that Defendants were asleep and failed to prevent the assault. Plaintiff has not alleged Defendants knew Plaintiff was in danger of being attacked. A sudden and unanticipated attack . . . by another inmate is insufficient to state a constitutional claim against Defendants."); *Shorter v. Russell*, 2014 WL 6909026, *4 (D.S.C. 2014) ("[T]he allegation that Officer Russell was sleeping while the rape took place and failed to make his rounds, at best, shows negligence, which is not actionable under 42 U.S.C. § 1983."); *O'Brien v. Lewis*, 2004 WL 2123946, *8 (D. Or. 2004) ("Officer Merrill's falling asleep briefly does not amount to deliberate indifference. . . . [S]imply showing that Officer Merrill was negligent in falling asleep is insufficient to show deliberate indifference.") (internal citations omitted). The failure to allege that [the] defendant was aware of a specific risk of attack to the plaintiff and deliberately ignored that risk is fatal to the plaintiff's claim. Without an allegation that [the] defendant . . . "*actually knew* of the serious risk . . . even in the most conclusory fashion," the plaintiff fails to allege a constitutional violation. *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (emphasis in original). *See also Losey v. Warden*, 521 Fed. App'x 717, 719 (11th Cir. 2013) (*citing [Ascroft v.] Iqbal*, 556 U.S. [662, 679 (2009)]).

*Little v. Alabama Dep't of Correction*, 2019 WL 1905174, at *4–5 (N.D. Ala. Mar. 22, 2019), Report and Recommendation adopted, 2019 WL 1897440 (N.D. Ala. Apr. 29, 2019); *see also Vincent v. Hutton*, 2016 WL 4055663, at *3–4 (N.D. Ala. June 13, 2016), Report and Recommendation adopted, 2016 WL 4055645 (N.D. Ala. July 26, 2016) (finding that prison guard sleeping on duty is merely negligent conduct that does not rise

to the level of a constitutional violation); *Tuttle v. Christie*, 2015 WL 9239232 at *2 (D.N.H. Nov. 10, 2015), Report and Recommendation adopted, 2015 WL 9216578 (D.N.H. Dec. 15, 2015) ("Even if the court were to assume that the defendant was sleeping or reading during the altercation, summary judgment on the Eighth Amendment claim would be proper because the record is devoid of any facts suggesting that the defendant was subjectively aware that [the assailant] (or any other inmate on the tier in CCU) presented a danger to [the assaulted prisoner] prior to the altercation."); *Breland v. Abate*, 917 F. Supp. 220, 222–23 (S.D.N.Y. 1996) (finding no deliberate indifference when guard was asleep during a prisoner's assault).

In light of the foregoing, to the extent the failure to protect claim is based on negligence of the defendant—i.e., his being asleep while on duty—this allegation, even if true, fails to state a claim of constitutional magnitude. *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (internal quotation marks and citations omitted) (The Constitution "does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries."). It is well-settled "[t]hat . . . 'liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional [protection].'" *Kingsley*, 576 U.S. 389, ---, 135 S.Ct. 2466, 2472 (2015) (emphasis added in original) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1999)); *Farmer*, 511 at 835 (noting that a plaintiff must show more than mere negligence to proceed on a claim of deliberate indifference under the Eighth Amendment); *Green v. Watson*, 2015 WL 4609977, at *2 (S.D. Ill. July 31, 2015). ("[N]egligence claims are not actionable under § 1983[.]"). Consequently, the "[m]ere[] negligent failure [of a defendant] to protect an

inmate from attack does not justify liability under section 1983." *Brown*, 894 F.2d at 1537; *King*, 997 F.3d at 261 ("Negligence, even gross negligence, is not enough.").

The record in this case contains no evidence showing that defendant Nolin acted with deliberate indifference to Jones' safety. The defendant is therefore entitled to qualified immunity from the plaintiff's request for monetary damages made against him in his individual capacity and summary judgment is due to be granted in favor of the defendant on the plaintiff's claim alleging a violation of the Eighth Amendment.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendant's motion for summary judgment be GRANTED.

2.  This case be dismissed with prejudice.

3.  Judgment be entered in favor of the defendant and against the plaintiff.

4.  Costs be taxed against the plaintiff.

On or before **May 28, 2020**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which an objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error

if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 13th day of May, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge