IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS ANTONIO JONES, #203884, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CASE NO. 2:17-CV-342-WKW [WO] |
| OFFICER JAMES NOLIN, | ) ) |
| Defendant. | ) |

**<u>ORDER</u>**

On January 8, 2021, the Eleventh Circuit Court of Appeals construed Plaintiff's June 16, 2020 filing (Doc. # 30) as a notice of appeal of the June 15, 2020 final judgment. (Doc. # 31.) On January 29, 2021, the Eleventh Circuit Court of Appeals granted Plaintiff an extension of time until February 26, 2021, to file a motion for leave to proceed *in forma pauperis* on appeal. (Doc. # 34.) In the interest of efficiency and for the benefit of Plaintiff, it is ORDERED that the notice of appeal (Doc. # 30) is construed as containing a motion for leave to proceed *in forma pauperis* on appeal.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a). In making that determination, the court uses an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no

substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981).[1]

Applying this standard, the court is of the opinion, for the reasons stated in the Recommendation of the Magistrate Judge (Doc. # 27) and the Order adopting the Recommendation (Doc. # 28), that Plaintiff's appeal is without a legal or factual basis and accordingly is frivolous for purposes of Plaintiff's motion. *See Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982).

Accordingly, it is ORDERED that Plaintiff's motion for leave to proceed on appeal *in forma pauperis* (Doc. # 30) is DENIED.

DONE this 2nd day of February, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.